IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

RICHARDEAN VARNER,                      :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :        CASE NO.: 1:23-CV-219 (LAG)
                                        :
HALLMARK HOSPITALITY &                  :
MANAGEMENT LLC, and John Does 1–4, :
                                        :
        Defendant.                      :
                                        :
_____:

## ORDER

Before the Court is Defendant Hallmark Hospitality & Management LLC's Motion for Summary Judgment (Doc. 14). For the reasons below, Defendant's Motion is **GRANTED**.

## BACKGROUND

This case arises out of Plaintiff Richardean Varner's slip and fall in the bathroom of her hotel room at a Hampton Inn & Suites (the Hampton Inn).[1] Plaintiff had travelled to Albany, Georgia to attend a funeral. (Doc. 14-1 at 47:20–48:10). On September 20, 2025, Plaintiff check into a room at the Hampton Inn which she shared with her stepdaughter and her stepdaughter's children. (*Id.* 48:19–249:4). When Plaintiff and her family first got to the room and saw the bathroom, she laughed and commented: "This floor is so shiny." (Doc. 14-1 at 58:4–10; Doc. 14-4 ¶¶ 2–3; Doc. 15-2 ¶¶ 2–3). She noted in her deposition that the "floor was so shiny you could see your face in it." ((Doc. 14-1 ¶ 2; Doc. 15-2 ¶ 2). Plaintiff used the shower in the room and, before getting into the shower, she placed a towel floor mat outside of the shower. (Doc. 14-1 at 51:3–17). When she finished her

---

[1]     The relevant facts are derived from the Parties' Statements of Material facts, responses thereto, and the record in this case. (*See* Docs. 14-4, 15-2, 15-3). When evaluating the Motion for Summary Judgment, the Court construes the facts in the light most favorable to Plaintiff, the nonmoving party. *See* Fed. R. Civ. P. 56; *Jacoby v. Baldwin County*, 835 F.3d 1338, 1342 (11th Cir. 2016) (citations omitted).

shower, Plaintiff stepped out of the shower with her right foot, stepping partially on the floor and partially on the towel floor mat. (Doc. 14-1 ¶¶ 5–6; Doc. 15-2 ¶¶ 5–6). Plaintiff slipped and fell, injuring herself. (Doc. 14-1 ¶ 8; Doc. 15-2 ¶ 8).

The Parties disagree about what caused the fall. According to Defendant, Plaintiff slipped because she "made the bath mat or towel wet" when she exited the shower. (Doc. 14-1 ¶ 8). According to Plaintiff, she slipped because an improper substance had been used to clean the bathroom floor, causing it to be excessively shiny and slippery when wet. (Doc. 15-3 ¶¶ 2–5). Plaintiff asserts that, after she fell, she spoke to someone at the hotel's front desk who ostensibly called the manager of the person who cleaned her room. (Doc. 14-1 at 98:5–21). The manager purportedly told the person at the front desk that the person who cleaned Plaintiff's room had "put some kind of substance on the floor that she shouldn't have" to make the floor shiny, which made the floor slippery. (Doc. 14-1 at 96:20–23, 98:13–15; Doc. 15-3 ¶¶ 7–8). Moreover, at some point, the cleaning manager told Plaintiff that they would remove the substance from the floor while she was at the hospital. (*Id.* ¶ 11). When Plaintiff returned, hotel employees told her that they had removed the substance. (*Id.*). The floor was no longer shiny, and Plaintiff did not have any further issues with the slipperiness of the floor. (*Id.* ¶ 5). According to Plaintiff, Defendants offered her an additional night at the hotel free of charge after the incident. (*Id.* ¶ 6).

Plaintiff filed a Complaint in the State Court of Dougherty County on August 31, 2023, seeking damages for her injuries. (Doc. 1-1). Therein, Plaintiff asserts negligence claims against Defendant Hallmark Hospitality & Management LLC and four John Does. (Doc. 1-1 at 3–8). Defendant removed the case to this Court on December 15, 2023, pursuant to the Court's diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(b); (Doc. 1 ¶¶ 2–8). After the close of discovery, Defendant filed the Motion for Summary Judgment on October 1, 2024. (Doc. 14). Plaintiff responded on October 22, 2024, and Defendant replied on November 5, 2024. (Docs. 15, 16). Thus, the Motion for Summary Judgment (Doc. 14) is ripe for review. M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate

where "the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citations omitted). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1311 (11th Cir. 2018) (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004)). At summary judgment, the Court views the evidence "in the light most favorable to the non-moving party" and resolves factual disputes for the nonmoving party when doing so is supported by sufficient evidence. *Gogel*, 967 F.3d at 1134 (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007)); *Whitehead v. BBVA Compass Bank*, 979 F.3d 1327, 1328 (11th Cir. 2020).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018); *Whitehead*, 979 F.3d at 1328. The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013) (per curiam). If the movant meets their initial burden, the nonmoving party must demonstrate that there is a genuine dispute for trial. *Gogel*, 967 F.3d at 1134 (citing *Celotex Corp.*, 447 U.S. at 324). The nonmovant must "go beyond the pleadings and . . . present competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating specific facts showing a genuine issue for trial." *Lamar v. Wells Fargo Bank*, 597 F. App'x 555, 557 (11th Cir. 2014) (per curiam) (citing

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)). "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56; *see Mason v. George*, 24 F. Supp. 3d 1254, 1260 (M.D. Ga. 2014).

## DISCUSSION

Property owners or occupiers in Georgia have a duty "to keep the premises safe for visitors." *Newcomb v. Spring Creek Cooler Inc.*, 926 F.3d 709, 713 (11th Cir. 2019) (citing O.C.G.A. § 51-3-1). Liability arises when a person on a property owner's premises "for any lawful purpose" sustains an injury because of the property owner or occupier's "failure to exercise ordinary care in keeping the premises and approaches safe." *Cham v. ECI Mgmt. Corp.*, 856 S.E.2d 267, 271 (Ga. 2021) (quoting O.C.G.A. § 51-3-1). "Whether a hazardous condition exists is the threshold question in a premises liability case." *Delovsky v. Wal-Mart Stores E., LP*, No. 1:18-CV-00207-ELR, 2020 WL 202390, at *3 (N.D. Ga. Jan. 10, 2020), (quoting *Pinckney v. Covington Athletic Club & Fitness Ctr.*, 655 S.E.2d 650, 652 (Ga. Ct. App. 2007)), *aff'd sub nom. Delovsky v. Wal-Mart Stores, Inc.*, No. 20-10524, 2021 WL 4891806 (11th Cir. Oct. 20, 2021) (per curiam). A hazard is a "danger or risk lurking in a situation" that "develops into an agency of harm." *Gresham v. Bell's Food Market, Inc.*, 534 S.E.2d 537, 538 (Ga. Ct. App. 2000) (citation omitted).

Defendant argues that summary judgment is appropriate because Plaintiff has not provided any evidence of a hazardous condition, Plaintiff possessed an equal or superior knowledge of the claimed hazard, and Plaintiff cannot establish that the claimed hazardous condition caused her fall. (Doc. 14-3 at 4–14). Defendant contends that Plaintiff has "failed to carry her burden of establishing what, if any condition or hazard caused her to slip and fall." (Doc. 14-3 at 5). To demonstrate a genuine issue of material fact regarding the existence of a hazard, Plaintiff relies on the purported statements of hotel employees that the person who cleaned her room put an improper substance on the bathroom floor that made it excessively slippery and later removed the substance from the floor while she was in the hospital. (Doc. 15-1 at 2–3; Doc. 14-1 at 96:11–25; Doc. 15-1 at 2–3).

4

Defendant argues that the statement regarding the use of the improper cleaning product is double hearsay. Plaintiff responds that the statement is not hearsay, but is an admission by a party opponent under Federal Rule of Evidence 801(d)(2)(D) because the cleaning manager was Defendant's employee. (Doc. 15-1 at 5). Defendant argues that there is not sufficient evidence about the alleged speaker to determine if the speaker was Defendant's employee, so Plaintiff has not satisfied her burden under 801(d)(2)(D). (Doc. 16 at 5). While Plaintiff's recollection is limited and the testimony is confusing, Plaintiff appears to testify that, after her fall, someone told her that the cleaning manager said that the cleaning person used an improper chemical to clean the floor in her bathroom.  Plaintiff alleges that she spoke to someone at the front desk of the hotel who spoke to the manager of the person who cleaned Plaintiff's room. (Doc. 14-1 at 56:24-57:5).  Plaintiff was asked if she spoke directly to the person who said that the floor was cleaned improperly.  (Id. at 56:24-25).  Plaintiff initially responded, "I did not talk to them;" but she then said, "I may have talked to her. I don't remember."  (Id. at 57:2-4). But later, Plaintiff again says that she did talk to the manager; however, Plaintiff was not sure if the person who spoke with her was male or female.  (Doc. 14-1 at 98:11-99:23.).

Plaintiff is correct that a court may consider a statement made by an employee of Defendant; but "while a name is not in all cases required, a district court should be presented with sufficient evidence to conclude that the person who is alleged to have made the damaging statement is in fact a party or an agent of that party for purposes of making an admission within the context of Rule 801(d)(2)(D)." *Davis v. Mobil Oil Expl. & Producing Se., Inc.*, 864 F.2d 1171, 1174 (5th Cir. 1989). Here, while the person Plaintiff spoke to at the front desk arguably was employed by Defendant, there is not sufficient evidence to identify "the person who is alleged to have made the damaging statement" – the Speaker. Assuming that Plaintiff spoke directly to the Speaker, there is no evidence that that person actually was employed by Defendant. Unlike the scenario presented in *Davis*, Plaintiff never saw the Speaker and, other than saying that the Speaker was the manager of the cleaning person, there is no other information in the record that would establish that the speaker was employed by Defendant. Moreover, Plaintiff has presented no evidence as to

5

whether the people who cleaned the Hampton Inn or the Speaker were, in fact, employees of the Hampton Inn and not independent contractors as suggested by Defendant. *See Davis*, 864 F.2d at 1174 (Plaintiff offered evidence that that three of the defendant's "employees were present at the meeting" where the damaging statement was made, that the man who made the damaging statement "was wearing a Mobil hard hat," and that two of the plaintiff's "co-workers testified unequivocally" that the individual who made the damaging statement was employed by the defendant.). Furthermore, if it is the case that the person at the front desk is the only person who spoke to the Speaker, then testimony from the front desk person possibly could establish whether the Speaker was employed by Defendant. *See Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453, 1456 (11th Cir. 1997) ("Under the federal rules, '[h]earsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.'"); Fed. R. Evid. 805. But, there is no testimony from the front desk clerk or any other employee of Defendant.  Considering the record before the Court, there is no evidence to allow the Court to conclude that the Speaker was employed by Defendant. Accordingly, the Court does not consider the statement about the product used on the floor.

Next Defendant argues that the statement regarding the removal of the substance is inadmissible evidence regarding a subsequent remedial measure. (Doc. 16 at 4–7). Under Federal Rules of Evidence 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove" negligence or culpable conduct. "This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Fed. R. Evid. 407. Here, Plaintiff seeks to rely on evidence that Defendant remedied the hazard after Plaintiff was injured, by cleaning the slippery floor, to show Defendant was negligent, which is impermissible under the Federal Rules of Evidence. *See Garrison v. Sam's East, Inc.*, 787 F. App'x 627, 629 (11th Cir. 2019) (determining that district court did not abuse discretion by excluding evidence of subsequent store remodel

6

after a slip and fall as evidence of subsequent remedial measures). Accordingly, the Court will not consider Defendant's subsequent remedial measures in ruling on the Motion for Summary Judgment.

"Whether a hazardous condition exists is the threshold question in a slip and fall case." *Drew v. Istar Fin., Inc.*, 661 S.E.2d 686, 689 (Ga. Ct. App. 2008) (citation omitted). "Proof of a fall, without more, does not create liability on the part of a proprietor or landowner[, because] [it] is common knowledge that people fall on the best of sidewalks and floors." *Glynn-Brunswick Mem'l Hosp. Auth. v. Benton*, 693 S.E.2d 566, 568 (Ga. Ct. App. 2010) (alteration in original). "Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and 'there can be no recovery because an essential element of negligence cannot be proven.'" *Id.* (quoting *Pennington v. WJL, Inc.*, 589 S.E.2d 259, 261 (Ga. Ct. App. 2003)). "To create a question of fact as to the existence of a hazardous condition, a 'plaintiff cannot rely upon speculation' and she must 'prove more than the existence of a slick or wet floor.'" *Id.* (quoting *Flagstar Enter., Inc. v. Burch*, 600 S.E.2d 834 (Ga. Ct. App. 2004)). "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson*, 469 S.E.2d 723, 725 (Ga. Ct. App. 1996). "Rather, the plaintiff must produce evidence 'of what foreign substance, condition, or hazard caused [her] to slip and fall." *Benton*, 693 S.E.2d at 568.

As the purported statements of the hotel employees are not admitted as facts in this case, Plaintiff's claim can only survive if there is other evidence tending to support negligence. *BBB Serv. Co. v. Glass*, 491 S.E.2d 870, 876 (Ga. Ct. App. 1997) (citation omitted) ("Although proof of a fall alone is insufficient to prove negligence . . . proof of a fall, *in conjunction with other evidence*, can be circumstantial evidence of negligence so as to raise a jury question."). As discussed above, to create a genuine dispute of material fact regarding the existence of a hazardous condition "the plaintiff must produce evidence 'of what foreign substance, condition, or hazard caused [her] to slip and fall." *Benton*, 693 S.E.2d at 568. Excluding the statements, the only evidence in the record are Plaintiff's

observations regarding the shininess of the floors before she took a shower. These observations are not sufficient to create a genuine issue of material fact. *See, e.g.*, *Kolomichuk v. Bruno's Inc.*, 497 S.E.2d 10, 11 (1998) (affirming summary judgment where plaintiff noticed that floor had a "high shine" but testified that he did not know what he slipped on); *Glynn-Brunswick memorial Hosp. Auth. v. Benton*, 693 S.E.2d 566 (2010) (affirming summary judgment where Plaintiff slipped on tile floor that she testified was "extremely slick" but admitted that she saw nothing on the floor and she did not know why it was slick); *Gaskins v. Wal-Mart Stores, East*, No. 1:23-CV-613-MHC, 2024 WL 4005221, at *4 (N.D. Ga July 15, 2024) (granting summary judgment on the existence of a hazard because plaintiff testified at one point that the unlevel parking lot caused her fall but admitted that she was uncertain and that her testimony was based on an assumption rather than her memory). Accordingly, Defendant is entitled to summary judgment.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Doc. 14) is **GRANTED**.

**SO ORDERED**, this 25th day of September, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**